```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
UNITED STATES OF AMERICA,                 :
                                          :    08 Cr. 1111-06(DLC)
                       Plaintiff,         :
         -v-                              :    OPINION & ORDER
                                          :
GONZALO ACOSTA MELO,                      :
                                          :
                       Defendant.         :
----------------------------------------- X
```

Appearances:

For defendant:

Louis Casuso
Law Offices of Louis Casuso
111 N.E. 1st Street, Suite 603
Miami, FL 33132

DENISE COTE, District Judge:

   Gonzalo Acosta Melo was sentenced on June 2, 2011 principally to a term of imprisonment of 42 months. On July 25, 2012, he filed a motion pursuant to Rule 36, Fed. R. Crim. P., to correct the judgment. For the following reasons, the motion is denied.

   Melo questions whether the judgment entered against him properly reflects the oral sentence pronounced on June 2, 2011. He also complains that the Court failed to specify that he is entitled by law under 18 U.S.C. § 3585(b) to credit for time served while he was held in Combita, a special Colombian prison, prior to extradition. At the time he was transferred to Combita,

1

Melo explains that he was serving a sentence in a Colombian prison for common criminals, and not in Combita.

The background for this application is as follows. Melo was charged with federal narcotics offenses. Following his extradition from Colombia and arrival in the United States on March 19, 2010, he entered a plea of guilty, and faced a guidelines range of 70 to 87 months in prison. As the record at his sentencing proceeding explains, Melo had been arrested in Colombia on November 21, 2008, for the same offenses which resulted in his federal conviction in this country. He was sentenced by a Colombian court in 2009 to more than eleven years in prison. He was transferred to Combita on May 23, 2009.

At the sentencing proceeding, there was an extended discussion of what credit Melo might receive for time spent in custody, either from the Colombian authorities or the Bureau of Prisons. The Court and counsel discussed the concern that Melo would not be given credit by the Colombian authorities for the time spent in custody either in Colombia due to the extradition process or in the United States pursuant to the American prosecution and conviction, or by the Bureau of Prisons for the time Melo spent in Combita. The Court noted that "there are about 16 months where the defendant was awaiting extradition . . . in Colombia . . . and we don't expect that the Bureau of Prisons would give him credit for that time." If the 16 months

2

between Melo's arrest in Colombia and his arrival in the United States were subtracted from 70 -- the lowest end of the guidelines range -- then, as the Court observed, the sentence would be 54 months' imprisonment.  Defense counsel agreed that the Court had correctly described the uncertainties regarding any credit Melo might receive for time in custody.

In imposing sentence, the Court indicated that it had considered the complicated issues that arose because of the dual sentences and how they might interact with each other, as well as all of the defendant's arguments for a non-guidelines sentence.  The Court imposed a sentence principally of 42 months' imprisonment, that is 12 months less than the 54 months calculated above and 34 months below the guidelines.  It added that "[i]t is my direction and hope and expectation that it will be served concurrently with the sentence imposed by the Colombian court in 2009 and with the understanding that the defendant will receive credit from the Bureau of Prisons in this country for the time he has spent in custody in the United States from March 19, 2010."  Counsel indicated that there was no legal reason other than those they had already presented to the Court, why the sentence articulated by the Court could not be imposed.

For several reasons, Melo's motion must be denied.  First, there is no clerical error to be corrected through Rule 36, Fed. R. Crim. P.  Second, to the extent that Melo is complaining about

the way in which the Bureau of Prisons has calculated his time-served, that is an application he must make to the Bureau. See United States v. Luna-Reynoso, 258 F.3d 111, 117 (2d Cir. 2001) ("[T]he credit to be granted a defendant under § 3585(b) for time during which he was held in federal custody prior to sentencing is administered by the Bureau of Prisons.")  In any event, as the record from the sentencing proceeding explains, the Court chose a sentence based on the assumption that the Bureau of Prisons would not give him credit for the time he spent in custody in Colombia, including in Combita.  Thus, Melo has already received from this Court the relief he seeks in this motion.

## CONCLUSION

Melo's motion for a corrected judgment is denied.

Dated:   New York, New York
         December 6, 2012

                                    _____
                                           DENISE COTE
                                    United States District Judge